1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    IN RE:                                      Case No.  5:15-cv-03098-EJD

9    KEN JONES,                                  **ORDER DENYING APPELLANT'S**
                                                 **MOTION FOR TEMPORARY**
10            Debtor.                            **RESTRAINING ORDER AND ORDER**
                                                 **TO SHOW CAUSE FOR**
11                                               **PRELIMINARY INJUNCTION**

12                                               Re: Dkt. No. 12

13   KEN JONES,

14            Plaintiff,

     v.
15
     U.S. BANK NATIONAL ASSOCIATION,
16   et al.,

17            Defendant.

18          Appellant Kenneth F. Jones ("Appellant") appeals from an order of the bankruptcy court

19   dismissing an adversary proceeding he initiated against U.S. Bank, N.A., Wells Fargo Bank, N.A.

20   and Citibank N.A. ("Respondents").   He now moves this court for (1) a temporary restraining

21   order enjoining Respondents from conducting a trustee sale presently scheduled for August 4,

22   2015, and (2) an order requiring Respondents to show cause why a preliminary injunction should

23   not issue.  See Docket Item No. 12.  These requests must be denied.

24          1.      This motion is governed by Federal Rule of Bankruptcy Procedure 8007.  Pursuant

25   to that rule, a request for "an order suspending, modifying, restoring, or granting an injunction

26   while an appeal is pending" must ordinarily be directed to the bankruptcy court in the first

27

1
28   Case No.: 5:15-cv-03098-EJD
     ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER
     AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

United States District Court
Northern District of California

instance.  Fed. R. Bankr. P. 8007(a)(1)(C).  If the request is instead made directly to the court where the appeal is pending, the moving party must show "that moving first in the bankruptcy court would be impracticable," or "if a motion was made in the bankruptcy court" must "state the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling."  Fed. R. Bankr. P. 8007(b)(2).

Here, Appellant has not satisfied the requirements of Rule 8007.  If the instant request was first made to the bankruptcy court, that court's ruling or failure to rule on that matter is neither referenced nor explained.  If the request was not first made to bankruptcy court, Appellant does not explain why doing so would have been impracticable.

2.      In any event, Appellant has not demonstrated an entitlement to injunctive relief even if compliance with Rule 8007 is excused.  While he assigns error to the bankruptcy court's decision - subsequent to the dismissal of his Chapter 13 case - to dismiss the adversary proceeding according to Linkway Inv. Co., Inc. v. Olsen (In re Casamont Investors, Ltd.), 196 B.R. 517 (B.A.P. 9th Cir. 1996), he does not adequately explain why he is likely to prevail in this appeal, why the balance of equities tip in his favor, or why an injunction is in the public interest.  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) ("The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'").  Nor has Appellant identified any "serious questions" that tip the balance of hardships sharply in his favor.  See Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).  In the absence of a sufficient showing, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction.

Therefore, Appellant's request for a temporary restraining order and order to show cause for a preliminary injunction (Docket Item No. 12) is DENIED.

As an additional matter, the court notes the Clerk's Notice filed on July 21, 2015, notifying

2

Case No.: 5:15-cv-03098-EJD
ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

United States District Court
Northern District of California

all parties of the completion of the record on appeal.  <u>See</u> Docket Item No. 11.  Accordingly,

Appellant's opening brief must be filed on or before August 20, 2015.  Appellant is advised that

failure to file a timely opening brief may result in the dismissal of this appeal with prejudice

pursuant to Federal Rule of Civil Procedure 41(b) and Federal Rules of Bankruptcy Procedure

8003(a)(2) and 8009(g) without further notice.


**IT IS SO ORDERED.**

Dated:  July 24, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: <u>5:15-cv-03098-EJD</u>
ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION