UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>KEN JONES,<br><br>    Debtor.<br><br>KEN JONES,<br><br>    Plaintiff,<br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>    Defendant. | Case No. 5:15-cv-03098-EJD<br><br>**ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 21 |

Appellant Ken Jones ("Appellant") initiated this action after the bankruptcy court dismissed an adversary proceeding he filed against three banks, namely U.S. Bank, N.A., Wells Fargo Bank, N.A., and Citibank N.A. ("Respondents"), concerning real property located in Lockwood, California. For the second time in less than a month, he seeks injunctive relief from this court, specifically a (1) a temporary restraining order ("TRO") enjoining Respondents from conducting a trustee sale of the Lockwood property, presently scheduled for August 20, 2015, and (2) an order requiring Respondents to show cause why a preliminary injunction should not issue. See Docket Item No. 21. This request fares no better than its predecessor. Accordingly, it will be denied.

1

Case No.: 5:15-cv-03098-EJD
ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

1.     The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). A preliminary injunction may also issue if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

2.     Appellant's prior request failed for two reasons. See Docket Item No. 17. First, Appellant did not demonstrate compliance with Federal Rule of Bankruptcy Procedure 8007, which generally requires that requests for injunctive relief pending appeal be made to the bankruptcy court in the first instance, or if the request is instead made directly to the appellate court, the moving party must explain why moving in the bankruptcy court would have been impracticable.

Second, and in any event, the request failed on its merits because Appellant did not adequately explain why he was likely to prevail, why the balance of equities tipped in his favor, or why an injunction preventing the foreclosure was in the public interest.

3.     While Appellant has since resolved the former issue by providing a ruling from the bankruptcy court denying the TRO request, the latter problem persists. As this court previously observed, Appellant appeals from a bankruptcy court order dismissing his adversary action after the underlying bankruptcy case was dismissed. Such a decision to decline ongoing jurisdiction is subject to discretionary review by this court. See Linkway Inv. Co., Inc. v. Olsen (In re Casamont

2

Case No.: 5:15-cv-03098-EJD
ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

1  Investors, Ltd.), 196 B.R. 517, 521 (B.A.P. 9th Cir. 1996).  But in his briefing, Appellant makes

2  no argument under the applicable standard and, to that end, fails to explain why the dismissal

3  order constitutes an abuse of discretion.  Although Appellant makes significant effort to support

4  the merits of his claims against Respondents, those issues are ancillary to the limited question

5  presented by this appeal.

6        Accordingly, this court again concludes Appellant has not demonstrated a likelihood of

7  success on the merits or presented any "serious questions."  Nor has Appellant adequately

8  explained why the equities favor him or why a TRO under these circumstances is in the public

9  interest.  On that basis, Appellant's request for a temporary restraining order and order to show

10  cause for a preliminary injunction (Docket Item No. 21) is DENIED.  The motion to appear by

11  telephone (Docket Item No. 25) is DENIED AS MOOT.

13  **IT IS SO ORDERED.**

14  Dated: August 13, 2015

15  _____
16  EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:15-cv-03098-EJD
ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION